Case 4:16-cv-00521 Document 8 Filed in TXSD on 03/08/17 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 08, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY BRYAN KREBS, § | |
| TDCJ #1857127, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-16-521 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. | |

## MEMORANDUM AND ORDER

State inmate Anthony Bryan Krebs (TDCJ #1857127) has filed a federal petition under 28 U.S.C. § 2254, seeking a writ of habeas corpus to challenge a disciplinary proceeding. Respondent[1] has filed a motion for summary judgment (Docket Entry No. 5). Petitioner has not filed a response and his time to do so has expired. After reviewing all of the pleadings, the administrative records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

### I. Background

Petitioner is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction for possession of a controlled substance.[2] On March 6, 2013, he was sentenced to six years' imprisonment for that offense.[3] Petitioner does not challenge his underlying conviction here. Instead, he challenges the

---

[1] Effective May 1, 2016, Lorie Davis succeeded William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Davis is substituted in place of Stephens as the respondent in this case.

[2] Docket Entry No. 1 ("Petition") at 2; Docket Entry No. 5-1 ("Respondent's Exhibit A"), at 3 of 3.

[3] Petition at 2; Respondent's Exhibit A at 3 of 3.

result of a prison disciplinary proceeding lodged against him at the Wynne Unit in Huntsville, Texas.[4] Respondent has provided the administrative record of that disciplinary proceeding, which is summarized below.

On September 25, 2015, Petitioner received notice that he was being charged with violating a prison rule in disciplinary case #20160026529 by tampering with a cell door mechanism.[5] On October 1, 2015, Petitioner appeared at the disciplinary hearing, where he had the assistance of an officer acting as his "counsel substitute."[6] The disciplinary hearing officer found Petitioner guilty of the charge and assessed the following punishment: (1) loss of forty-five days of recreation, commissary, and offender telephone service privileges; (2) ordered to remain at line class 3; and (3) loss of 90 days of good-time credit.[7]

On October 4, 2015, Petitioner filed a step one grievance complaining that (1) TDCJ did not follow procedures by serving him with the case 21 days after it was investigated; (2) the ranking officers at Wynne Unit set up witness statements by getting a cover all statement from maintenance concerning the doors being tampered with; (3) he did not go to the store during the time in question and therefore did not have any bags to stuff in the door, and when he asked to see the bags, they had not been kept as evidence; (4) there was no evidence that he broke the prison rules.[8] An assistant warden reviewed Case #20160026529 and affirmed the punishment, finding that there was sufficient evidence and no procedural errors.[9] Petitioner appealed that

---

[4] Petition at 5.

[5] TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 6-2, at 3 of 11.

[6] *Id.* at 6 of 11.

[7] TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 6-2, at 3 of 11.

[8] Step One Grievance #2016019569, Docket Entry No. 6-1, at 5-6 of 6.

[9] *Id.* at 6 of 6.

finding by filing a step two grievance.[10]  An administrative official reviewed the disciplinary case and affirmed the result, noting that a hearing was conducted per TDCJ policy, that there were no due process or procedural errors, and that the punishment was within TDCJ guidelines for the offense.[11]

Petitioner seeks relief from the disciplinary conviction for the following reasons:

1. He was denied due process because he lost 90 days of good time credit, which has negatively affected his parole eligibility.

2. He received a "Security Precaution Designator" for tampering with a locking mechanism, which affects his placement in trusty camp and in certain housing.

3. He has been harassed and retaliated against for refusing to be a confidential informant for security because other inmates who were in the same situation as he was who agreed to be confidential informants got their cases dismissed.[12]

Respondent argues at the outset that Petitioner failed to exhaust available administrative remedies with respect to grounds 2 and 3.[13]  Respondent argues further that Petitioner is not entitled to relief because all of his claims are without merit.[14]

## II.  Legal Standard

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of Law.  FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the

---

[10] Step Two Grievance #2016019569, Docket Entry No. 6-1, at 3 of 6.

[11] *Id*. at 4 of 6.

[12] Petition at 6-7.

[13] Motion for Summary Judgment, Docket Entry No. 5, at 5-8.

[14] *Id.* at 8-20.

record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

A motion for summary judgment "cannot be granted simply because there is no opposition." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the unopposed motion and grant summary judgment when a prima facie showing for entitlement to judgment is made. *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Rayha v. United Parcel Serv., Inc.*, 940 F. Supp. 1066, 1068 (S.D. Tex. 1996).

### III.  Discussion

#### A.  Exhaustion of Administrative Remedies

The record confirms that Petitioner did not raise grounds 2 or 3 in both grievances that he filed to challenge his disciplinary conviction.[15] Under § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Texas prisoners are not required to present claims concerning disciplinary convictions to the state courts in a state habeas corpus petition, because those claims are not cognizable on state habeas review. *See Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986). Instead, Texas prisoners who challenge the result of a prison disciplinary conviction

---

[15] Step One and Step Two Grievances #2016019569, Docket Entry No. 6-1, at 3-6 of 6.

must seek relief through the two-step prison grievance process that is available within the Texas Department of Criminal Justice. *Id*. Section 501.008 of the Texas Government Code requires inmates to fully exhaust the administrative grievance process before resorting to court. If an inmate fails to do so, his claims may be dismissed for failure to exhaust administrative remedies. *See Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Although decisions about prison grievances are made by TDCJ, and not by a state court, there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475, 492(1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). Thus, the Fifth Circuit has required Texas prisoners to exhaust the TDCJ grievance process before seeking federal habeas corpus review of disciplinary matters. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (citing *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980) ("[A] federal court may not grant habeas corpus relief to a petitioner who has failed to exhaust all administrative remedies, including an appeal to the Director of Corrections."); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978) (holding that a Texas prisoner who had not exhausted "his clearly available administrative remedies" was properly denied habeas relief in the district court)).

Petitioner was required to present facts in support of his claims in both steps of the grievance process in order to exhaust his remedies with respect to this allegation. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (substantial compliance is not sufficient; a prisoner must pursue the grievance remedy to conclusion to exhaust remedies); *Johnson v.*

*Johnson*, 385 F.3d 503, 517-18 (5th Cir. 2004) (explaining that a prisoner need not present legal theories, but must provide sufficient facts to give fair notice of a specific problem). Because Petitioner failed to do so in this instance, he did not exhaust his administrative remedies with respect to grounds 2 and 3 found in his federal habeas petition. As a result, grounds 2 and 3 are subject to dismissal for lack of exhaustion. *See Lerma*, 585 F.2d at 1299. Alternatively, all of Petitioner's claims are without merit for reasons discussed briefly below.

  B. <u>**Due Process in the Prison Disciplinary Context**</u>

  In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995).

  1. <u>**Good-time Credits (Ground One)**</u>

  To the extent that Petitioner lost good-time credits as the result of his disciplinary conviction, Respondent concedes that Petitioner had a protected liberty interest in those credits because he is eligible for the form of parole known as mandatory supervision. The Fifth Circuit has recognized that Texas inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000). As a result, Petitioner was entitled to due process before his good-time credits were revoked as the result of his disciplinary conviction.

  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)

*Johnson*, 385 F.3d 503, 517-18 (5th Cir. 2004) (explaining that a prisoner need not present legal theories, but must provide sufficient facts to give fair notice of a specific problem). Because Petitioner failed to do so in this instance, he did not exhaust his administrative remedies with respect to grounds 2 and 3 found in his federal habeas petition. As a result, grounds 2 and 3 are subject to dismissal for lack of exhaustion. *See Lerma*, 585 F.2d at 1299. Alternatively, all of Petitioner's claims are without merit for reasons discussed briefly below.

  B. <u>**Due Process in the Prison Disciplinary Context**</u>

  In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995).

  1. <u>**Good-time Credits (Ground One)**</u>

  To the extent that Petitioner lost good-time credits as the result of his disciplinary conviction, Respondent concedes that Petitioner had a protected liberty interest in those credits because he is eligible for the form of parole known as mandatory supervision. The Fifth Circuit has recognized that Texas inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000). As a result, Petitioner was entitled to due process before his good-time credits were revoked as the result of his disciplinary conviction.

  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)

(citations and internal quotation marks omitted). In determining the requisite level of due process, the Supreme Court has recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Wolff*, 418 U.S. at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges at least 24 hours prior to a disciplinary hearing; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff*, 418 U.S. at 563-67; *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009) (quoting *Wolff*). In addition, disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985); *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001).

The administrative record confirms that Petitioner received written notice of the charges against him on September 25, 2015, almost a full week before his disciplinary hearing commenced on October 1, 2015.[16] Petitioner had assistance from a counsel substitute at that disciplinary hearing, where he had an opportunity to call witnesses and present evidence.[17] Petitioner also received a written copy the TDCJ Disciplinary Hearing Report and Record, which

---

[16] TDCJ Disciplinary Hearing Report and Record, Docket Entry No. 6-2, at 3, 6 of 11.

[17] *Id.* at 6 of 11.

detailed the evidence relied upon for the conviction, namely, the written offense report and the charging officer's testimony.[18]  A charging officer's report and testimony is sufficient evidence to satisfy a prison disciplinary conviction.  *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (finding that the offense report, standing alone, meets the "some evidence" standard).  Because there was some evidence to support the guilty finding, this court must defer to the disciplinary hearing officer.  *See id.*

Based on this record, Petitioner was afforded adequate notice as well as an ample opportunity to be heard.  Likewise, the challenged disciplinary conviction was supported by sufficient evidence.  Petitioner does not respond to the motion for summary judgment or otherwise present evidence to raise a fact issue that his due process rights were violated in connection with his disciplinary case.  Accordingly, Petitioner's first ground for relief will be dismissed.

### 2. Security Precaution Designation (Ground Two)

To the extent that Petitioner was given a "Security Precaution Designator," which, in turn, disqualified him for trusty camp and certain housing, it is well established that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate a protected liberty interest and do not raise due process concerns.  *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Likewise, keeping a prisoner's classification the same or reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  Therefore, in addition to failing to exhaust his administrative remedies with respect to this claim, there is no merit to

---

[18] *Id.* at 3 of 11.

Petitioner's second ground for relief and it must be dismissed.

### 2. Retaliation (Ground Three)

Petitioner's retaliation claim, his third ground for relief, likewise lacks merit. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). "Causation requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* (internal quotation marks and citations omitted).

The need for close scrutiny of individual retaliation claims is especially keen in the prison context. The Fifth Circuit has admonished district courts: "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, the Court has carefully scrutinized Petitioner's retaliation claim and finds that he does not raise a fact issue on essential elements of this claim.

Petitioner states no facts, and raises no fact issues, to establish that he suffered a constitutional violation, that TDCJ officials presiding over his disciplinary proceeding acted with retaliatory intent, that he suffered a retaliatory adverse action, or that retaliation was the but-for cause of his disciplinary proceedings. Petitioner provides nothing more than vague, conclusory accusations to support his claim for retaliation. Petitioner's subject belief and conclusory, vague statements are insufficient to survive summary judgment on this claim. *Moody v. Baker,* 857 F.2d 256, 258 (5th Cir.1988). Thus, in addition to failing to exhaust his administrative remedies with respect to this claim, Petitioner's third ground for relief lacks merit and will be dismissed.

Petitioner, who has not filed a response to the motion for summary judgment, does not

otherwise establish that any of his claims merit relief. Accordingly, the respondent is entitled to summary judgment and the petition must be dismissed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

IV.     **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1.      The respondent's motion for summary judgment (Docket No. 5) is **GRANTED**.

2.      The federal habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 8th day of March, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE